**United States District Court**
For the Northern District of California

1

2

3

4

5               UNITED STATES DISTRICT COURT

6               NORTHERN DISTRICT OF CALIFORNIA

7

8    DOYAL M. WEBBER,                          No. C-13-1444 EMC (pr)

9               Petitioner,

10       v.                                    **ORDER TO SHOW CAUSE**

11   CONNIE GIPSON, Warden,

12              Respondent.

13   _____/

14

15                    **I.    INTRODUCTION**

16       Petitioner, an inmate now at the California State Prison in Lancaster, filed this *pro se* action

17   seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before the Court

18   for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in

19   the United States District Courts.   His request for appointment of counsel also is before the Court

20   for consideration.

21                    **II.    BACKGROUND**

22       The petition and attachments thereto provide the following information: Petitioner was

23   convicted in San Mateo County Superior Court of second degree murder with use of a firearm.  On

24   November 20, 2009, he was sentenced to 40 years to life in prison.  He appealed.  The California

25   Court of Appeal affirmed the conviction in 2010 and the California Supreme Court denied the

26   petition for review in 2011.  Petitioner then filed this action.

27

28

United States District Court
For the Northern District of California

### III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

The petition alleges the following claims:  (1) Petitioner's right to due process was denied by the several instances of prosecutorial misconduct that are described in his petition; and (2) Petitioner's right to due process was denied because the evidence was insufficient "to prove malice and to disprove imperfect self-defense."  Docket # 1, p. 6.  Liberally construed, these claims are cognizable in a federal habeas action.

Petitioner has requested that counsel be appointed to represent him in this action.  A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.  18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.*   The interests of justice do not require appointment of counsel at this time.  The request for appointment of counsel is DENIED.

### IV. CONCLUSION

For the foregoing reasons,

1.     The petition warrants a response.

2.     The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3.     Respondent must file and serve upon Petitioner, on or before **June 14, 2013**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing

1    cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a

2    copy of all portions of the court proceedings that have been previously transcribed and that are

3    relevant to a determination of the issues presented by the petition.

4        4.    If Petitioner wishes to respond to the answer, he must do so by filing a traverse with

5    the Court and serving it on Respondent on or before **July 12, 2013**.

6        5.    Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the

7    Court informed of any change of address and must comply with the Court's orders in a timely

8    fashion.

9        6.    Petitioner is cautioned that he must include the case name and case number for this

10   case on any document he submits to the Court for consideration in this case.

11       7.    Petitioner's *in forma pauperis* application is GRANTED.  (Docket # 2.)

12       8.    Petitioner's request for appointment of counsel is DENIED. (Docket # 3.)

13       9.    The Clerk will update the docket sheet to show that Petitioner is now housed at the

14   California State Prison in Lancaster, rather than at the Corcoran State Prison address listed on his

15   petition.

16

17       IT IS SO ORDERED.

18

19   Dated:  April 15, 2013

20   _____
     EDWARD M. CHEN

21   United States District Judge

22

23

24

25

26

27

28

United States District Court

For the Northern District of California