UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOYAL M. WEBBER,

    Petitioner,

v.

CONNIE GIPSON, Warden,

    Respondent.

Case No.  13-cv-1444-VC

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is the above-titled petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 by petitioner Doyal Webber, challenging the validity of a judgment obtained against him in state court.

## BACKGROUND

Webber was convicted in state court of second degree murder for shooting someone on the freeway from his car. [1] He seeks habeas relief based on arguments that: (i) the prosecutor committed misconduct by violating the trial court's restrictions on eliciting testimony about possible gang connections of the people involved in the shooting; (ii) the prosecutor committed misconduct at closing argument in a variety of ways; and (iii) the evidence irrefutably established self-defense and therefore was insufficient to support a second degree murder conviction. The California Court of Appeal rejected these arguments. In so doing, the Court of Appeal neither applied federal law unreasonably nor made an unreasonable determination of the facts within the meaning of 28 U.S.C. § 2254(d).

---

[1] The facts of the case are familiar to the parties and were set forth in the California Court of Appeal opinion. *People v. Webber*, No. A127222, 2011 WL 4352108 (Cal. Ct. App. Sept. 19, 2011).

## DISCUSSION

With respect to the prosecutor's questions about gangs, Webber has defaulted on this claim because he did not argue at trial that the questions amounted to prosecutorial misconduct. In any event, as the Court of Appeal explained, the prosecutor barely (if at all) strayed beyond the confines of the trial court's restrictions on gang-related evidence. This questioning did not rise to the level of misconduct, and even if it did, it would not have come close to rendering the trial fundamentally unfair. *Webber*, 2011 WL 4352108, at *4-5; *see also* Reporter's Transcript ("RT") at 1197-98, 1649, 1658-59.

Nor did the prosecutor commit misconduct at closing argument in any of the three ways Webber claims. First, Webber quotes one sentence from the prosecutor in isolation ("this man is dead and you killed him") and seeks to portray it as an effort by the prosecutor to convey his personal beliefs to the jury based on evidence outside the record. However, as the Court of Appeal explained, taken in context the sentence is best understood as part of the prosecutor's summation of the evidence. *Webber*, 2011 WL 4352108, at *6-7. The trial court also instructed the jury to disregard the comment. RT at 2714-20; Clerk's Transcript ("CT") at 1220. Second, Webber quotes a different sentence in isolation ("we don't want people driving up our main traffic arteries . . . [who] decide it might be cool to shoot someone as they are cruising with their friends") and seeks to portray it as an effort by the prosecutor to urge the jury to convict Webber simply to get him off the streets. However, as the Court of Appeal explained, taken in context the sentence is best understood as part of the prosecutor's explanation of the criminal statute Webber was charged with violating, and the way in which Webber's conduct fell within that statute. *Webber*, 2011 WL 4352108, at *7-8. Third, Webber complains that the prosecutor improperly analogized the reasonable doubt standard to a picture puzzle that was missing a couple pieces but still clearly depicted the Golden Gate Bridge. But, as the Court of Appeal explained, the prosecutor's analogy was lawful, because it neither improperly quantified the reasonable doubt standard nor invited the jury to base Webber's guilt on a lesser standard. *Webber*, 2011 WL 4352108, at 8-10. The trial court also instructed the jury on the proper legal standard. CT at 1196, 1201. In any event, the Court of Appeal cannot be said to have ruled contrary to clearly

established Supreme Court case law, because Webber has identified no United States Supreme Court case (and the Court is aware of none) suggesting this type of analogy would violate the constitutional rights of a defendant.

Webber also argues that the California Court of Appeal failed to analyze the cumulative impact of the alleged prosecutorial misconduct described above. But because no prosecutorial misconduct occurred, the Court of Appeal's decision was not deficient in that regard. Moreover, even if one assumed that each prosecutorial act identified by Webber constituted misconduct, those acts did not (even in combination) render Webber's trial fundamentally unfair. As the Court of Appeal described at length, the evidence of Webber's guilt was powerful. *Webber*, 2011 WL 4352108, at *10.

Finally, separate from his prosecutorial misconduct arguments, Webber contends the evidence irrefutably established that he acted in self-defense, thus precluding a finding of malice necessary to obtain a second degree murder conviction. That is wrong. As the Court of Appeal fully explained, numerous witnesses testified contrary to Webber's self-defense theory, including one witness who testified that Webber himself admitted that he shot the victim because "I get trigger happy." *Webber*, 2011 WL 4352108, at *10-12.

For these reasons, the California Court of Appeal's decision did not involve an unreasonable application of federal law, nor did it involve an unreasonable determination of the facts. The petition for a writ of habeas corpus is denied.

## CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is DENIED. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

3

Dated: May 6, 2014

_____
VINCE CHHABRIA
United States District Judge

United States District Court
Northern District of California